UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JODIANN LEWIS, on behalf of herself and all others similarly situated,

                Plaintiffs,

-against-

CONVERGENT OUTSOURCING, INC.

                Defendant.

CIVIL ACTION

CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL

Plaintiff JODIANN LEWIS (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant CONVERGENT OUTSOURCING, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. On information and belief, Defendant's principal place of business is located in Renton, Washington.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in

business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 26, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to T-Mobile; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692f, for sending a collection letter which, among other things, attempts to collect an amount in excess of what is permitted by applicable law.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

3

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication

of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO JODIANN LEWIS

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to October 26, 2016, an obligation was allegedly incurred by Plaintiff to T-Mobile.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged T-Mobile obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. T-Mobile is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, T-Mobile, directly or through an intermediary, contracted Defendant to collect T-Mobile's debt.

22. In its effort to collect on the T-Mobile obligation, Defendant contacted Plaintiff by written correspondence on October 26, 2016. *See* <u>Exhibit A</u>.

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**First Count**
**15 U.S.C. §1692g et seq.**
**<u>Validation of Debts</u>**

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant provided the validation notice as required, however, it was not effectively conveyed.

29. The front of the Collection Letter prominently states "Settlement Offer" and that there are "<u>3 CONVENIENT WAYS TO PAY:</u>"

30. Nowhere on the front of the letter does Defendant indicate that said Letter was the initial communication.

31. Located on the back of the letter, in plain, single-spaced font is the validation language required by 15 U.S.C. § 1692g.

32. However, the letter contains no transitional language explaining that Defendant's demand for payment, and settlement offer, does not override the consumer's right to dispute the debt or demand validation of the debt.

33. Furthermore, the entire front page of the Letter solely discusses the opportunity to settle the less, noting that Plaintiff should call within 45 days of the date on the letter.

34. Thus, Plaintiff's validation rights were effectively overshadowed because Defendant demanded payment without sufficiently communicating to Plaintiff that he has the right to dispute the debt.

35. It has been well established that a validation notice required by 15 USC § 1692g "must not be overshadowed or contradicted by accompanying messages from the debt collector." See *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000).

36. To determine if the validation notice was "overshadowed or contradicted" we look to the least sophisticated debtor standard. *Id* at 354.

37. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to her rights.

38. The above statements would leave the least sophisticated consumer unsure as to whether the Defendant has already assumed the debt is valid making a dispute pointless or whether the Defendant will only assume the debt is valid after thirty days from receipt.

39. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991).

7

40. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

41. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

42. Once a consumer makes a timely, written notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

43. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would not attempt to dispute his debt.

44. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

**Second Count**
**Violation of 15 U.S.C. §§ 1692e(5),** *et seq.*
**False or Misleading Representations as to the Rights of the Consumer**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. 15 U.S.C. § 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

47. Said letter states in pertinent part: "Our client has advised us that they are willing to settle your account for 50% of your total balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter."

48. Congress adopted the provisions of section 1692e(5) with the stated intent to prohibit debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

49. Defendant's statement is effectively a threat to take action that Defendant does not intend to take, precisely because Defendant is authorized, and upon information and belief, will accept the proffered settlement at any time.

50. Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would perceive Defendant's statement as a threat to take further action on the account when in reality Defendant's offer is not a "take it or leave it" offer is it implies by its communication.

51. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

52. Said offer falsely states or implies that the respective settlement offer is valid <u>only if</u> first payment is "within 45 days of receiving this letter."

53. Statements that a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

54. Such false statements are materially false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

55. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters: As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following

language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

56. Defendant did not use the safe harbor language in its communication to Plaintiff.

57. Upon information and belief, the deadline in <u>Exhibit A</u> to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

58. The statement in Defendant's October 26, 2016 Letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

59. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## Second Count
## Violation of 15 U.S.C. §§ 1692e(5), *et seq.*
## False or Misleading Representations as to the Rights of the Consumer

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

63. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

64. Defendants October 26, 2016 communication purports to offer Plaintiff a one-time opportunity to resolve her account if payment is received "within 45 days of receiving this letter."

65. This is an equivocal statement intended to confuse the least sophisticated consumer because there is no way for Defendant to verify whether Plaintiff called within the 45 days.

66. This leaves the settlement offer acceptable or not at the whim of the Defendant, when in fact the least sophisticated consumer would believe they were in the allotted time period.

67. Because Defendant failed to employ the "we are not obligated to renew this offer" safe harbor language, the least sophisticated consumer interested in accepting the offer would be left in the dark as to when the offer would *actually* expire.

68. Furthermore, Plaintiff and the least sophisticated consumer would be confused as to whether or not the offer is *actually* acceptable "within 45 days of receiving this letter."

69. "within 45 days of receiving this letter" is an ambiguous time period, one that is not readily verifiable, and therefore confusing and misleading to Plaintiff under Section 1692e, *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph H. Mizrahi, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
300 Cadman Plaza West, 12 Floor
Brooklyn, New York 11201
Phone: (917) 299-6612
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated: Brooklyn, New York
September 28, 2017